IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADIL SALIH, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:24-CV-1353-D |
| VS. | § | |
| | § | |
| PROSPECT AIRPORT SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action brought by three plaintiffs, defendant Prospect Airport Services, Inc. ("Prospect") moves to sever, or, alternatively, for separate trials. For the reasons that follow, the court grants Prospect's motion to sever.

I

Plaintiffs in this case—Adil Salih ("Salih"), Abdelrahim Tabidi ("Tabidi"), and Rola Abunasser ("Abunasser")—are former employees of Prospect. They are all Muslim Americans who participate in traditional Muslim holidays. During their employment with Prospect, they repeatedly and unsuccessfully asked for time off to celebrate Eid-al Fitr.[1] Plaintiffs' supervisors told them that taking time off for their religious holidays was not permitted and could result in discipline and reprimand, reduced pay, and even termination.

Plaintiffs allege that they were each discriminated against while employed at Prospect.

---

[1] Eid-al Fitr is a Muslim holiday celebrated at the end of fasting during the month of Ramadan.

Salih was terminated from his employment after a customer filed a complaint alleging that he broke Prospect's no solicitation rule. Plaintiffs allege that, unlike other employees at Prospect, Salih was not given any due process or investigation regarding the allegations against him.

Tabidi was terminated from her employment after she was involved in a serious automobile accident that required her to spend three weeks in recovery. Although she submitted doctor notes to her supervisor, Prospect terminated her employment, and later rehired her as a "new employee" after being shown evidence that she had sent her medical records to management.

Prospect terminated Abunasser's employment five days after she complained about the fact that Muslim employees were not being permitted to take time off. Prospect also refused to consider her for a promotion after it learned about her husband's schedule and that she was a mother.

After filing charges of discrimination with the Equal Employment Opportunity Commission and receiving notices of right to sue, Salih, Tabidi, and Abunasser filed the instant lawsuit in state court. In the second amended petition, which is the operative pleading in this case, they allege claims for religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and also under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001 *et seq.* (West 2023). Tabidi also alleges claims for disability discrimination under Title VII and the TCHRA, and Abunasser brings a claim under the TCHRA for sex discrimination.

Prospect removed the case to this court and now moves to sever under Fed. R. Civ. P. 20 and 21, or, alternatively, for separate trials under Rule 42(b). Plaintiffs oppose Prospect's motion, which the court is deciding on the briefs, without oral argument.

II

Rule 21 provides that "[t]he court may . . . sever any claim against a party." Under this rule, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). Courts have considered the following factors when deciding whether to sever a claim:

> (1) whether claims arise out of the same transaction, occurrence, or series of transactions or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Def. Distributed v. Bruck*, 30 F.4th 414, 431 (5th Cir. 2022) (citations omitted).

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983).

"The party seeking severance under Rule 21 or separate trials under Rule 42(b) bears the burden of proving that such action is necessary." *Aspen Tech., Inc. v. Kunt*, 2011 WL

- 3 -

86556, at *3 (S.D. Tex. Jan. 10, 2011) (citing cases).[2]

III

A

Prospect moves to sever the claims of each individual plaintiff, or, alternatively, for separate trials. In support of its motion, it contends that plaintiffs' claims are not based on the same transaction, occurrence, or series of transactions or occurrences;[3] that plaintiffs' claims are "highly individualized," D. Mot. (ECF No. 11) at 8; and are based on different occurrences at different times and under different circumstances; that each plaintiff will need to offer evidence at trial of different adverse employment actions and the reasons for each such action, which will "result[] in a massive amount of evidence to be reviewed and considered by the fact finder," *id* at 7; that only Tabidi alleges claims for disability

---

[2]Under Rule 42(b), "a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" may be ordered "[f]or convenience, to avoid prejudice, or to expedite and economize." The decision "[w]hether to conduct separate trials under [Rule 42(b)] is 'a matter left to the sound discretion of the trial court on the basis of circumstances of the litigation before it.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773-74 (5th Cir. 2009) (citation omitted). In contrast to severance under Rule 21, an order for separate trials under Rule 42(b) will result in a single judgment that may not be appealed until the end of both trials. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 n.19 (5th Cir. 1993).

[3]Rule 20(a)(1) provides:

> [p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

- 4 -

discrimination and retaliation and only Abunasser alleges a claim for sex discrimination; and that, even if plaintiffs' claims meet the requirements for joinder under Rule 20, they should nevertheless be severed into separate matters or adjudicated in separate trials to avoid confusion (Prospect maintains that trying the claims together would require the fact finder to keep track of at least 23 separate causes of action, many of which are based on multiple alleged adverse employment actions) and prejudice to Prospect.

Plaintiffs respond that their claims are factually and legally intertwined and arise out of the same discriminatory treatment. Although they concede that "the specific retaliatory acts and resulting terminations varied," they maintain that their claims are nevertheless "interconnected by Defendant's uniform discriminatory policies and retaliatory actions stemming from the same occurrences: the denial of religious accommodations for Eid and the pervasive hostility and adverse actions that followed." P. Resp. (ECF No. 12) at 4.

B

"Even when joinder is permitted under Rule 20, 'district courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims.'" *Dixon v. Garland*, 2023 WL 121994, at \*3 (N.D. Tex. Jan. 6, 2023) (Fitzwater, J.) (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010)). As in *Dixon*, allowing plaintiffs' claims to proceed to trial together in this case will not promote judicial economy and will likely prejudice Prospect. Although plaintiffs share in common that they are Muslim American and were allegedly subject to Prospect's "blanket policy prohibiting

Muslim employees from taking religious holidays off," P. Resp. (ECF No. 12) at 3, the remaining factual allegations underlying their Title VII and TCHRA religious discrimination and retaliation claims are distinct. Plaintiffs worked under different supervisors, in different positions, for different lengths of time. Their alleged requests for religious accommodations were made under different circumstances. The adverse employment actions they experienced were different, and Prospect gave different reasons for each. *See, e.g.*, *Dixon*, 2023 WL 121994, at *3 (granting motion sever where plaintiffs "worked in different facilities, under different supervisors, in different positions, and were allegedly discriminated against for different reasons and at different times."). In addition, two of the three plaintiffs assert additional, entirely different claims that are not shared by any other plaintiff. Litigating the claims of all three plaintiffs in this single case will involve different witnesses and evidence, with very little overlap among the three cases. "And [Prospect] will likely be prejudiced by the necessity of defending [three] separate and distinct cases in a combined trial, with the attendant risk of jury confusion and the prospect that the jury might give the plaintiffs' individual claims more credence because they are asserted by [three] claimant[s] rather than [two]." *Id.* Accordingly, the court in its discretion grants Prospect's motion to sever.

IV

The clerk of court is ordered to sever the case of Tabidi versus Prospect into a separate civil action and Abunasser versus Prospect into a separate civil action. These actions are to be assigned to the undersigned as the presiding judge and to United States Magistrate Judge David L. Horan for such matters as may be referred to him. The civil action of Salih versus

Prospect remains assigned to the undersigned as the presiding judge and to United States Magistrate Judge David L. Horan for such matters as may be referred to him.

\* \* \*

Accordingly, for the reasons explained, the court grants Prospect's motion to sever.

**SO ORDERED**.

December 19, 2024.

                                          SIDNEY A. FITZWATER
                                          SENIOR JUDGE